# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LAURA RUCINSKY,<br><br>Plaintiff,<br><br>v.<br><br>UHS OF DELAWARE, INC.<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Laura Rucinsky ("Plaintiff"), by and through the undersigned counsel, states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, and 28 U.S.C. §§ 1331 as the action arises under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District, Plaintiff lives in the District, and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff Laura Rucinsky ("Plaintiff") is a natural person residing in Conroe, Texas and is a "consumer" as defined by 15 U.S.C. §1681a(c).

5. Defendant UHS of Delaware, Inc. ("Defendant UHS") is a foreign corporation incorporated under the laws of the State of Delaware and authorized to do business in the State of Texas. Defendant has its principal place of business at 367 South Gulph Rd., King of Prussia, PA 19406. Defendant UHS is a "person" who used a "consumer report" for "employment purposes" as those terms are defined as defined by 15 U.S.C. § 1681a.

## FACTUAL ALLEGATIONS

6. In or about August 2018, Plaintiff began having preliminary discussions with Defendant about career opportunities at Kingwood Pines Hospital, a treatment center in Kingwood, Texas, owned and operated by Defendant.

7. During her discussions with Defendant's agents, including the CEO and Director of Business Development at Kingwood Pines Hospital, Plaintiff was open and honest about her nonviolent criminal convictions from the 1980s.

8. In November 2018, after having multiple discussions with Defendant's agents, Plaintiff "officially" applied for a Community Liaison – Marketing Representative position with Defendant at Kingwood Pines Hospital by completing and submitting an online application as requested and encouraged by Defendant.

9. On or about November 12, 2018, Defendant offered, and Plaintiff accepted, the Community Liaison position at Kingwood Pines Hospital.

10. Plaintiff was to report for orientation starting on December 3, 2018.

11. The position was to pay less than $70,000 annually.

12. Upon acceptance by Plaintiff, Defendant directed Plaintiff to complete a drug screen and told her that she would receive an email from "Prechecks" to start a background verification.

13. Plaintiff completed the drug screen and other "pre-hire" requirements as requested by Defendant without issue.

14. Plaintiff terminated her then-current employment in order to begin orientation and start her new role with Defendant on December 3, 2018.

15. Sometime in November 2018, Defendant engaged a third-party vendor, PreCheck, Inc., to perform a "pre-employment" background check on Plaintiff.

16. PreCheck, Inc. is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) that regularly engages in assembling or evaluating information on consumers for the purpose of furnishing "consumer reports" to third parties, including Defendant, to be used in evaluating candidates and employees.

17. Upon information and belief, PreCheck, Inc. compiled and provided a "consumer report" regarding Plaintiff for employment purposes to Defendant.

18. Upon information and belief, Defendant requested and received a consumer report that contained information that predated the consumer report by more than seven years in violation of 15 U.S.C. § 1681c(a).

19. On or about November 28, 2018, Defendant requested that Plaintiff report to Human Resources for questioning.

20. During the November 28th meeting, Defendant's agents questioned Plaintiff regarding her decades-old convictions for approximately 45 minutes and thereafter escorted her from the building.

21. Over the course of the following days Plaintiff attempted to contact Defendant via phone and email to follow-up on the conversation that occurred on November 28th and to determine the status of her impending employment.

22. On November 30, 2018 Plaintiff reached Defendant's agent, Sherry Williams, by phone and was told that Defendant does not hire ex-cons.

23. Defendant took "adverse action" against Plaintiff by denying or rescinding employment based in whole or in part on the contents of the consumer report provided by PreCheck, Inc.

24. Defendant did not provide Plaintiff a copy of the consumer report and a description of her rights in violation of 15 U.S.C. § 1681b(b)(3).

25. Defendant failed to provide Plaintiff with any adverse action notice in violation of 15 U.S.C. § 1681m(a).

26. Defendant never provided Plaintiff with notice of her right to obtain a free copy of the consumer report, or her right to dispute the accuracy or completeness of any information in a consumer report in violation of 15 U.S.C. § 1681m(a)(4).

27. Defendant's violations of the FCRA caused Plaintiff to suffer actual damages in the form of extreme emotional distress, anxiety, humiliation, out of pocket loss, and loss of employment opportunities.

28. As a result of Defendant's violations, Plaintiff is entitled to actual, statutory and punitive damages in addition to attorney's fees and costs.

## **TRIAL BY JURY**

29. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

# CAUSE OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. 1681, et seq.

30. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

31. Defendant did not provide Plaintiff a copy of the consumer report and a description of her rights in violation of 15 U.S.C. § 1681b(b)(3).

32. Defendant failed to provide Plaintiff with any adverse action notice in violation of 15 U.S.C. § 1681m(a).

33. Defendant never provided Plaintiff with notice of her right to obtain a free copy of the consumer report, or her right to dispute the accuracy or completeness of any information in a consumer report, in violation of 15 U.S.C. § 1681m(a)(4).

34. Defendant's conduct and actions were willful, rendering Defendant liable for actual and punitive damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681n.

35. In the alternative, Defendant's conduct and actions were negligent, rendering Defendant liable for actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a) Actual damages in an amount to be determined at trial;

b) Statutory and punitive damages in an amount to be determined at trial;

c) Costs and reasonable attorney's fees; and

d) Other and further relief as may be just and proper.

Dated this 20th day of March, 2019.

Respectfully Submitted,

**LAW OFFICE OF TRISTA JOHNSON**

*/s/ Trista M. Johnson*
Trista M. Johnson
Texas State Bar No. 24101089
Southern District of Texas ID No. 3180848
1712 N. Frazier Street, Suite 212C
Conroe, TX 77301
Telephone: 936.570.0575
Email: trista@txconsumerlawyer.com

**ATTORNEY FOR PLAINTIFF**

# **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF TEXAS )

) ss

COUNTY OF   MONTGOMERY)


Laura Rucinsky, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


/s/ Laura Rucinsky
Laura Rucinsky

Subscribed and sworn to before me
This 20th day of March, 2019.


/s/ Deborah Vargas
Notary Public
My commission expires March 9, 2020