IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Laura Rucinsky,** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-01038 |
| | § | |
| **UHS of Delaware, Inc.** | § | |
| *Defendant*. | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant UHS of Delaware, Inc. ("UHS") answers Plaintiff's *Complaint* as follows. Unless otherwise admitted, UHS denies each and every material allegation contained in Plaintiff's *Complaint*. In support thereof, UHS shows the following:

**Answer**

1. Paragraph one of Plaintiff's *Complaint* does not require a substantive response because it contains no allegations.

2. Defendant admits that jurisdiction is proper in this Court under federal question jurisdiction.

3. Defendant admits that venue is proper in this Court.

4. Although Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation about where she resides, Defendant has no reason to dispute Plaintiff's allegation that she resides in Conroe, Texas. Defendant admits that Plaintiff is a "consumer" as defined under 15 U.S.C. § 1681a(c).

5. Defendant admits the allegations contained in paragraph 5 of Plaintiff's *Complaint*.

6. Defendant admits that Plaintiff discussed career opportunities at Kingwood Pines Hospital with the hospital's agents in August 2018.

7. Defendant admits that Plaintiff discussed some elements of her criminal history with Kingwood Pines Hospital's agents; however, Defendant denies that Plaintiff was "open and honest" about the scope, nature, dates, and extent of her criminal convictions.

8. Defendant admits that Plaintiff submitted an application for a "Marketing Representative" position in November 2018.

9. Defendant admits that Kingwood Pines Hospital made a verbal, contingent offer on November 12, 2018. Among other things, Defendant's employment offer to Plaintiff was contingent upon a satisfactory completion of a background check.

10. Defendant denies the allegations contained in paragraph 10 of Plaintiff's *Complaint*.

11. Defendant admits the allegations contained in paragraph 11 of Plaintiff's *Complaint*.

12. Defendant admits the allegations contained in paragraph 12 of Plaintiff's *Complaint*.

13. Defendant admits that Plaintiff completed her drug screen and other "pre-hire" requirements; however, Plaintiff missed her initial appointment for her drug screening as scheduled by employees of Kingwood Pines.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of Plaintiff's *Complaint*.

15. Defendant admits the allegations contained in paragraph 15 of Plaintiff's *Complaint*.

16. Defendant admits that PreCheck, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

17. Defendant admits that it obtained Plaintiff's consumer report from PreCheck, Inc.

18. Defendant admits that several criminal convictions on Plaintiff's consumer report predated the consumer report by more than seven years; however, Defendant denies that listing Plaintiff's criminal convictions violated 15 U.S.C. § 1681c(a).

19. Defendant admits that it requested a meeting with Plaintiff to take place on November 27, 2018, at Defendant's facility.

20. Defendant admits that its employees questioned Plaintiff on November 27, 2018, about aspects of Plaintiff's criminal history that she failed to disclose when initially interviewing and applying for a position with Defendant.

21. Defendant admits that Plaintiff emailed Defendant's employees after the November 27, 2018, meeting.

22. Defendant admits that Plaintiff spoke with Sherry Williams by phone on November 30, 2018; otherwise, Defendant denies the allegations contained in paragraph 22 of Plaintiff's *Complaint*.

23. Defendant admits that it ultimately rescinded Plaintiff's employment offer based on her lack of candor in the employment process after her entire criminal history was revealed.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's *Complaint*.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's *Complaint*.

26. Defendant denies the allegations contained in paragraph 26 of Plaintiff's *Complaint*.

27. Defendant denies that it violated the Fair Credit Reporting Act. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that she suffered emotional distress, anxiety, humiliation, out of pocket loss, or loss of employment opportunities.

28. Defendant denies that Plaintiff is entitled to any damages, attorney's fees, or costs.

29. Paragraph 36 of Plaintiff's *Complaint* does not require a substantive response because it contains no allegations and is simply a demand for trial by jury.

30. Paragraph 30 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations. To the extent any response is required, Defendant denies the allegations contained in paragraph 30 of Plaintiff's *Complaint*.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiff's *Complaint*.

32. Defendant denies the allegations contained in paragraph 32 of Plaintiff's *Complaint*.

33. Defendant denies the allegations contained in paragraph 33 of Plaintiff's *Complaint*.

34. Defendant denies the allegations contained in paragraph 34 of Plaintiff's *Complaint*.

35. Defendant denies the allegations contained in paragraph 35 of Plaintiff's *Complaint*.

36. Defendant denies that Plaintiff is entitled to recover any damages or attorney's fees.

## Affirmative Defenses

1. All claims against UHS are barred under the limitation of liability provisions of 15 U.S.C. § 1681h(e).

2. All claims against UHS are barred because the information communicated to UHS about Plaintiff was true.

3. In the alternative, Plaintiff's claims are barred under 15 U.S.C. § 1681m(c) because, at the time of the alleged violations described in Plaintiff's *Complaint*, UHS maintained reasonable procedures to assure compliance with the Fair Credit Reporting Act.

4. The damages Plaintiff allegedly suffered, if any, resulted from the acts or omissions of third parties over whom UHS had neither control or responsibility.

5. Plaintiff failed to mitigate her damages, if any.

6. The damages Plaintiff allegedly suffered, if any, were caused in whole or in part by the actions of Plaintiff herself.

7. Plaintiff's *Complaint* fails to allege sufficient facts to rise to the level of conduct for recovery of punitive damages, and thus any request for punitive damages is improper.

UHS reserves the right to assert additional affirmative defenses warranted by discovery and factual developments in this lawsuit.

## Jury Demand

Defendant demands trial by jury of all claims alleged in Plaintiff's *Complaint*.

## Conclusion

UHS prays that Plaintiff take nothing by her claims, that judgment be entered in its favor, and that the Court grants any further relief to which it finds that UHS is justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD AND SMITH, LLP**

 */s/ Tracy Graves Wolf*
Tracy Graves Wolf
Texas Bar No. 24004994
Tracy.Wolf@lewisbrisbois.com
Brent Sedge
Texas Bar No. 24082120
Brent.Sedge@lewisbrisbois.com
2100 Ross Avenue, Suite 2000
Dallas, TX 75201
(214) 722-7144 - Telephone
(214) 722-7111 - Fax

**ATTORNEYS FOR DEFENDANT**

## Certificate of Service

I certify that a true and correct copy of the foregoing document was served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on May 30, 2019, *via CM/ECF*, on the following:

Trista M. Johnson
LAW OFFICE OF TRISTA JOHNSON
1712 N. Frazier Street, Suite 212C
Conroe, TX 77301
trista@txconsumerlawyer.com

                                    */s/ Brent Sedge*
                                    Brent Sedge