**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **Laura Rucinsky,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:19-cv-01038** |
| | § | |
| **UHS of Delaware, Inc.** | § | |
| *Defendant.* | § | |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN
UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE**

In accordance with the Court's *Order for Conference and Disclosure of Interested Parties* [ECF No. 2], Plaintiff Laura Rucinsky ("Plaintiff" or "Rucinsky") and Defendant UHS of Delaware, Inc. ("Defendant" or "UHS") (collectively, the "Parties") submit this *Joint Discovery / Case Management Plan under Rule 26(f) Federal Rules of Civil Procedure* ("Joint Rule 26(f) Report"). In support thereof, the Parties show the following:

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

*For Plaintiff:* Trista M. Johnson.

*For Defendant:* Tracy Graves Wolf and Brent Sedge.

The Parties conferred via telephone conference on June 7, 2019.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

3. **Briefly describe what the case is about.**

Plaintiff alleges that Defendant violated provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, in connection with her application for a position at Defendant's facility

known as "Kingwood Pines Hospital" located in Kingwood, Texas. Defendant denies any liability.

**4.      Specify the allegation of federal jurisdiction.**

Jurisdiction is proper in this Court under 28 U.S.C. § 1331 (federal question jurisdiction).

**5.      Name the parties who disagree and the reasons.**

The Parties agree that jurisdiction is proper in this Court.

**6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiff does not anticipate adding any additional parties at this time.

Defendant does not anticipate adding any additional parties at this time.

**7.      List anticipated interventions.**

None.

**8.      Describe class-action issues.**

None.

**9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiff states that she will complete its *Initial Disclosures* under FEDERAL RULE OF CIVIL PROCEDURE 26(a) before the conference on June 21, 2019.

Defendant states that it will complete its *Initial Disclosures* under FEDERAL RULE OF CIVIL PROCEDURE 26(a) before the conference on June 21, 2019.

**10.      Describe the proposed agreed discovery plan, including:**

**A.      Responses to all the matters raised in Rule 26(f).**

***Written Discovery***

Upon conducting the Parties' Rule 26(f) Conference, the parties have agreed to conduct standard discovery in this lawsuit, including exchanging *Initial Disclosures*, propounding interrogatories and requests for production.

### Production of Documents

The Parties agree that responsive documents in this lawsuit can be produced as text-searchable .pdf files.

### Depositions

Upon receipt of written discovery responses and responsive documents, Defendant anticipates taking Plaintiff's deposition.  Upon receipt of written discovery responses and responsive documents, Plaintiff anticipates taking the deposition of Defendant's corporate representative.

### Protective Order

The Parties agree to entry of the Court's standard *Protective Order* in this lawsuit.

### Procedures for Inadvertent Production of Privileged Information

The Parties Agree that Rules 26(b)(5)(A) and (B) shall apply to claims of privilege and trial preparation materials in the event that any are inadvertently disclosed.

**B.     When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates serving interrogatories on Defendant within thirty days of the conference on June 21, 2019.

**C.     When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates serving interrogatories on Plaintiff within two weeks of the conference on June 21, 2019.

      **D.**     **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking Defendant's designated corporate witness's deposition upon receipt of Defendant's responses to written discovery and production of documents responsive to requests for production.

      **E.**     **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking Plaintiff's deposition upon receipt of Plaintiff's responses to written discovery and production of documents responsive to requests for production.

      **F.**     **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff does not anticipate designating an expert at this time. Plaintiff will designate expert witnesses, if necessary, by October 1, 2019.

If necessary, Defendant anticipates designating rebuttal expert witnesses within 30 days of Plaintiff's designation of expert witnesses, if any.

      **G.**     **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking expert depositions, if any, within 30 days of any such expert's designation.

      **H.**     **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant anticipates taking expert depositions, if any, within 60 days of any such expert's designation by Plaintiff.

**11.      If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The Parties agree in principle to the above-listed discovery plan.

**12.      Specify the discovery beyond initial disclosures that has been undertaken to date.**

As of the filing of this *Rule 26(f) Report*, the Parties have not undertaken any discovery

beyond their *Initial Disclosures*.

**13.      State the date the planned discovery can be reasonably completed.**

The Parties believe that planned discovery can be reasonably completed in this lawsuit on

or before November 20, 2019.

**14.      Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Defendant discussed the potential for an early resolution of this lawsuit upon receipt of a

reasonable, justified settlement demand.

**15.      Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff has agreed to provide a written settlement demand.

Defendant has requested that Plaintiff provide an written settlement demand in an attempt

to expeditiously resolve this lawsuit.

**16.      From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Plaintiff believes that mediation may be suitable after the parties' depositions are

completed.

Defendant believes that mediation may be reasonably suitable after it takes Plaintiff's

deposition.

**17.     Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The Parties do not consent to trial before a magistrate judge.

**18.     State whether a jury demand has been made and if was made on time.**

The Parties have both made a timely jury demand.

**19.     Specify the number of hours it will take to present the evidence in this case.**

*For Plaintiff:* 8 hours.

*For Defendant:* 6 hours.

**20.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

There are no pending motions at this time.

**21.     List other motions pending.**

There are no pending motions at this time.

**22.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

At this time, the Parties have not identified any matters that necessitate special attention of the court at the conference.

**23.     Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Plaintiff certifies that she shall filed her *Disclosure of Interested Parties* on or before June 21, 2019.

Defendant certifies that it filed its *Disclosure of Interested Parties* on or before June 21, 2019.

**24.     List the names, bar numbers, addresses and telephone numbers of all counsel.**

*For Plaintiff:* Trista M. Johnson, Texas Bar No. 24101089, 936.570.0575.

*For Defendant:* Tracy Graves Wolf, Texas Bar No. 24004994, 972.638.8672; Brent Sedge, Texas Bar No. 24082120, 214.722.7130.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD AND SMITH, LLP**

 */s/ Tracy Graves Wolf*
Tracy Graves Wolf
Texas Bar No. 24004994
S.D. Tex. No. 625236
Tracy.Wolf@lewisbrisbois.com
Brent Sedge
Texas Bar No. 24082120
S.D. Tex. No. 2904547
Brent.Sedge@lewisbrisbois.com
2100 Ross Avenue, Suite 2000
Dallas, TX 75201
(214) 722-7144 - Telephone
(214) 722-7111 - Fax

**ATTORNEYS FOR DEFENDANT**

**LAW OFFICE OF TRISTA JOHNSON**

*/s/ Trista M. Johnson*
Trista M. Johnson
Texas State Bar No. 24101089
Southern District of Texas ID No. 3180848
1712 N. Frazier Street, Suite 212C
Conroe, TX 77301
Telephone: 936.570.0575
Email: trista@txconsumerlawyer.com

**ATTORNEY FOR PLAINTIFF**

### Certificate of Service

I certify that a true and correct copy of the foregoing document was served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on June 11, 2019, *via CM/ECF*, on the following:

Trista M. Johnson
LAW OFFICE OF TRISTA JOHNSON
1712 N. Frazier Street, Suite 212C
Conroe, TX 77301
trista@txconsumerlawyer.com

 */s/ Brent Sedge*
Brent Sedge